IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CDN INNOVATIONS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>GRACENOTE, INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

  Plaintiff CDN Innovations, LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

## THE PARTIES

  1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 44 Milton Ave., Suite 254, Alpharetta, GA 30009.

  2. Upon information and belief, Defendant Gracenote, Inc. is a Delaware corporation.

## JURISDICTION AND VENUE

  3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

  4. This Court has personal jurisdiction over Defendant, consistent with due process. Defendant is incorporated in this State. Further, Defendant has minimum contacts with this State,

and Defendant has purposefully availed itself of the privileges of conducting business in this State, including through the sale, offer for sale, and/or use of the accused products and/or services throughout this State.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant resides in this State.

## FACTUAL BACKGROUND

**U.S. Patent No. 7,870,088**

6.      Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,870,088, entitled "Method of delivering music and information" ("the '088 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7.      A true and correct copy of the '088 patent is attached hereto as Exhibit A. The '088 patent is incorporated herein by reference.

8.      The application that became the '088 patent was filed on June 17, 2004, claiming priority to U.S. provisional applications filed on January 31, 2000, and February 9, 2000, as well as to a non-provisional application filed on May 9, 2000.

9.      The '088 patent issued on January 11, 2011, after a full and fair examination by the USPTO, with 905 days of patent-term adjustment.

**U.S. Patent No. 8,509,397**

10.     Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,509,397, entitled "Apparatus and methods of delivering music and information" ("the '397 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

11.    A true and correct copy of the '397 patent is attached hereto as Exhibit B. The '397 patent is incorporated herein by reference.

12.    The '397 patent issued from a patent application filed on March 11, 2008, claiming priority to U.S. provisional applications filed on January 31, 2000, and February 9, 2000, as well as to a non-provisional application filed on May 9, 2000.

13.    The '397 patent issued on August 13, 2013, after a full and fair examination by the USPTO, with 1,521 days of patent-term adjustment.

14.    The '088 and '397 patents resulted from pioneering efforts of the inventors in the area of communication systems and methods, and specifically to methods and apparatuses for detecting, discovering and delivering music information. These efforts resulted in the development of innovative systems and methods for music detection and recognition (as of at least February 2000).

**U.S. Patent No. 6,865,532**

15.    Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,865,532, entitled "Method for recognizing spoken identifiers having predefined grammars" ("the '532 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

16.    A true and correct copy of the '532 patent is attached hereto as Exhibit C. The '532 patent is incorporated herein by reference.

17.    The '532 patent issued from  a patent application that was filed on September 19, 2001.

18.    The '532 patent issued on March 8, 2005, after a full and fair examination by the USPTO, with 601 days of patent-term adjustment.

19.     The '532 patent resulted from pioneering efforts of the inventor in the area of voice-operated communication devices, and more particularly the area of recognizing spoken identifiers. These efforts resulted in the development of a novel method for recognizing spoken identifiers having predefined grammars.

## <u>COUNT I – INFRINGEMENT OF THE '088 PATENT</u>

20.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

21.     Defendant has made, used, sold, offered for sale, and/or imported products that incorporate one or more of the inventions claimed in the '088 patent, including in internal testing and usage.

22.     For example, Defendant has infringed at least claim 1 of the '088 patent, either literally or under the doctrine of equivalents, in connection with its MusicID service, as detailed in the preliminary claim chart attached hereto as Exhibit D, which is incorporated herein by reference.

23.     On information and belief, Defendant has performed all steps of this claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the recited steps. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the recited steps had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

24. Defendant's infringing activities have been without authority or license under the '088 patent.

25. Because the asserted claims of the '088 patent are method claims, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

26. Plaintiff has been damaged by Defendant's infringement of the '088 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '397 PATENT

27. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

28. Defendant has made, used, sold, offered for sale, and/or imported products that incorporate one or more of the inventions claimed in the '397 patent, including in internal testing and usage.

29. For example, Defendant has infringed at least claim 13 of the '397 patent, either literally or under the doctrine of equivalents, in connection with Defendant's MusicID service, as detailed in the preliminary claim chart attached hereto as Exhibit E, which is incorporated herein by reference.

30. On information and belief, Defendant has performed all steps of this claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the recited steps. Defendant also controlled the manner and/or timing of the accused functionality. In other words, for a third

party to utilize the accused functionality, the recited steps had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

31.     Defendant's infringing activities have been without authority or license under the '397 patent.

32.     Because the asserted claim of the '397 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

33.     Plaintiff has been damaged by Defendant's infringement of the '397 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '532 PATENT

34.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

35.     Defendant has made, used, sold, offered for sale, and/or imported products that incorporate one or more of the inventions claimed in the '532 patent, including in internal testing and usage.

36.     For example, Defendant has infringed at least claims 1 and 7 of the '532 patent, either literally or under the doctrine of equivalents, in connection with Defendant's systems and processes for selecting and recognizing spoken identifiers, as detailed in the preliminary claim chart attached hereto as Exhibit F, which is incorporated herein by reference.

37.     On information and belief, Defendant has performed all steps of these claims or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the

performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the recited steps. Defendant also controlled the manner and/or timing of the accused functionality. In other words, for a third party to utilize the accused functionality, the recited steps had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

38.    Defendant's infringing activities have been without authority or license under the '532 patent.

39.    Because the asserted claims of the '532 patent are method claims, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

40.    Plaintiff has been damaged by Defendant's infringement of the '532 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.    Entry of judgment that Defendant has infringed one or more claims of the '088 patent,

B.    Entry of judgment that Defendant has infringed one or more claims of the '397 patent,

C.    Entry of judgment that Defendant has infringed one or more claims of the '532

patent,

D.  Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts, including but not limited to those acts not presented at trial,

E.  A determination that this case is exceptional, and an award of attorney's fees,

F.  All costs of this action,

G.  Pre-judgment and post-judgment interest on the damages assessed, and

H.  Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 9th day of July, 2025.

STAMOULIS & WEINBLATT LLC

/s/ *Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel*

Cortney S. Alexander
(application for admission pro hac vice
forthcoming)
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff